UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-60808-ALTMAN/STRAUSS

**ROLLIE 100 LLC,**

     Plaintiff,

v.

**WESTCHESTER SURPLUS LINES
INSURANCE COMPANY,**

     Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS MATTER came before the Court upon Plaintiff's Motion to Determine Entitlement to Attorney's Fees and Costs Pursuant to the Settlement Proposal ("Motion") [DE 10], which has been referred to me for a report and recommendation [DE 11]. I have reviewed the Motion, the Response [DE 12] thereto, and all other pertinent portions of the record. For the following reasons, I respectfully **RECOMMEND** that the Motion be **DENIED**.

On June 6, 2023, the parties filed a Joint Stipulation for Dismissal with Prejudice ("Stipulation"). [DE 8]. The Stipulation stated that this matter had been settled and that:

> The Parties have stipulated to the dismissal with prejudice of this action. Furthermore, the Parties have stipulated the Plaintiff is entitled to an award of attorney's fees, and that the parties will bear their own costs, and that Defendant will bear its own attorney's fees. The Parties have not yet reached agreement as to the amount of attorney's fees owed to the Plaintiff.

*Id.*[1] More than 6 months later – on December 22, 2023 – Plaintiff filed the instant Motion, requesting the entry of "an Order granting entitlement to fees and costs." Motion ¶ 14. In the

---

[1] While the Stipulation did not specify the rule under which it was filed, it was evidently filed under Federal Rule of Civil Procedure 41(a)(1)(A)(ii) given that: (1) the parties' styled the

Response, Defendant contends that the Motion should be denied both because it is untimely and procedurally deficient (under Local Rule 7.3). Plaintiff has not filed a reply to the Response, and the time to file a reply has passed.

First, Defendant correctly argues that the Motion is untimely. A motion for attorney's fees and/or non-taxable expenses and costs must be filed "within sixty (60) days of the entry of the final judgment or order giving rise to the claim." S.D. Fla. L.R. 7.3(a)(1). The Stipulation was effectively the "final judgment or order" giving rise to the fee claim raised in the Motion. *See Love*, 865 F.3d at 1325 ("[T]he stipulated dismissal is, pursuant to FRAP 4, 'the judgment or order appealed from' with regard to the dismissal of the class claims."); *Cohan v. Honey Delray, Inc.*, No. 19-80323-CV, 2019 WL 13261497, at *2 (S.D. Fla. Oct. 21, 2019) ("[A] Joint Stipulation of Dismissal with Prejudice is a final judgment on the merits." (citing *Kaspar Wire Works, Inc. v. Leco Eng'g & Mach., Inc.*, 575 F.2d 530, 534 (5th Cir. 1978))); *Martin v. Raffensperger*, No. 1:18-CV-4776-LMM, 2019 WL 7593891, at *2 (N.D. Ga. July 24, 2019) (finding that period of time within which to file fee motion began running when stipulation of dismissal was filed because the stipulation was effectively a judgment under Fed. R. Civ. P. 54). Consequently, Plaintiff was required to file the Motion by August 7, 2023. However, as noted above, Plaintiff did not file the Motion until December 22, 2023. Therefore, the Motion is untimely (by 4.5 months). Because Plaintiff has not offered any basis upon which to excuse its untimely Motion – for instance,

---

document as a "Stipulation"; (2) the Stipulation noted the parties' agreement to the dismissal of this action with prejudice; and (3) the Stipulation did "not contemplate that a court order is necessary to make it effective." *Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272, 1276 (11th Cir. 2012). Because the Stipulation was filed under Rule 41(a)(1)(A)(ii) and did not "explicitly condition[] its effectiveness on a subsequent occurrence," it was self-executing and became effective upon filing. *Id.* at 1278. Although the Court did enter a dismissal order [DE 9] following the filing of the Stipulation, that dismissal order was a nullity. *See Estate of West. v. Smith*, 9 F.4th 1361, 1368 (11th Cir. 2021); *Love v. Wal-Mart Stores, Inc.*, 865 F.3d 1322, 1325 (11th Cir. 2017); *First Classics, Inc. v. Jack Lake Prods., Inc.*, 674 F. App'x 911, 913 (11th Cir. 2017).

2

Plaintiff has not argued that excusable neglect justifies its untimely Motion – the Motion should be denied.  *See Marquez v. Nat'l Fire & Marine Ins. Co.*, No. 1:20-CV-22791, 2023 WL 6395384, at *3-7 (S.D. Fla. Oct. 2, 2023), *report and recommendation adopted*, 2023 WL 8614188 (S.D. Fla. Dec. 13, 2023) (finding untimely fee motion should be denied where plaintiff failed to carry her burden of establishing excusable neglect).

Second, Defendant correctly posits that the Motion should independently be denied because it fails to comply with multiple additional requirements of Local Rule 7.3.  Specifically, the Motion fails to: (1) "state the amount sought" as required under Local Rule 7.3(a)(3); (2) "disclose the terms of any applicable fee agreement" as required under Local Rule 7.3(a)(4); (3) provide information regarding timekeepers, hours expended, tasks completed, and hourly rates claimed as required under Local Rule 7.3(a)(5); (4) provide invoices as required under Local Rule 7.3(a)(6); (5) include a verification as required under Local Rule 7.3(a)(7); and (6) include the detailed certification of conferral required under Local Rule 7.3(a)(8).  Moreover, it is obvious that Plaintiff failed to include the requisite certification of conferral because Plaintiff did not comply with the important conferral process required under Local Rule 7.3(b).  Thus, the Motion is deficient in numerous significant respects (in addition to being untimely) and should be denied.[2] *Gustave v. SBE ENT Holdings, LLC*, No. 19-23961-CIV, 2022 WL 4096656, at *7 (S.D. Fla. Aug. 29, 2022), *report and recommendation adopted*, 2022 WL 4094554 (S.D. Fla. Sept. 7, 2022) ("Failing to comply with Local Rule 7.3 has consistently led to denying a movant's motion for

---

[2] Instead of complying with Local Rule 7.3(a) and (b), Plaintiff instead apparently chose to bifurcate the process and file only a motion to establish its *entitlement* to attorney's fees.  However, Plaintiff never sought or obtained permission from the Court to bifurcate the process.  Nor would bifurcation have served any purpose given that the parties agreed to an award of reasonable attorneys' fees (as reflected in the Stipulation).  At any rate, by failing to file a timely fee motion in accordance with Local Rule 7.3, Plaintiff has forfeited its opportunity to obtain a fee award from this Court.

attorney's fees. . . . Additionally, the Eleventh Circuit agrees that a violation of Local Rule 7.3 alone is a sufficient reason to deny a party's motion for attorney's fees." (internal citations omitted)); *see also Kennedy v. Pelc*, No. 19-62422-CIV, 2020 WL 13829795, at *2 (S.D. Fla. May 27, 2020) ("[A]n attorney's failure to comply with Local Rule 7.3 provides an independent basis to deny his fee request." (citing *J.B. Hunt Transp., Inc. v. S & D Transp., Inc.*, 589 F. App'x 930 (11th Cir. 2014))).

For the foregoing reasons, I respectfully **RECOMMEND** that the Motion [DE 10] be **DENIED**.

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Roy K. Altman, United States District Judge.  Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice.  *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**DONE AND SUBMITTED** in Fort Lauderdale, Florida this 16th day of January 2024.

Jared M. Strauss
United States Magistrate Judge