UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-cv-60808-ALTMAN/Strauss

**ROLLIE 100 LLC**,

    *Plaintiff*,

v.

**WESTCHESTER SURPLUS LINES
INSURANCE COMPANY**,

    *Defendant*.

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

On December 22, 2023, the Plaintiff filed a Motion for Attorney Fees (the "Motion") [ECF No. 10]. On January 16, 2024, United States Magistrate Judge Jared M. Strauss issued a Report and Recommendation (the "Report") [ECF No. 13], in which he suggested that we should deny the Plaintiff's Motion. Magistrate Judge Strauss also issued the following warning:

> The parties will have **fourteen (14) days** from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Roy K. Altman, United States District Judge. Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

*Id.* at 4 (emphasis added). That deadline has passed, and neither party has filed written objections to the Report. *See generally* Docket.

When a magistrate judge's "disposition" has been properly objected to, district courts must review that disposition *de novo*. FED. R. CIV. P. 72(b)(3). But, when no party has timely objected, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept

the recommendation." FED. R. CIV. P. 72 advisory committee's notes (citation omitted). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged that Congress's intent was to require *de novo* review only where objections have been properly filed—and not, as here, when no party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In any event, the "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes a later attack on these findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (citing *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)).

Having reviewed the R&R, the record, and the applicable law—and finding no clear error on the face of the R&R—we hereby **ORDER and ADJUDGE** as follows:

1. The Report and Recommendation [ECF No. 13] is **ACCEPTED and ADOPTED** in full.

2. The Plaintiff's Motion for Attorney Fees [ECF No. 10] is **DENIED**.

3. This case shall remain **CLOSED**. All deadlines are **TERMINATED**, and any pending motions are **DENIED as moot**.

**DONE AND ORDERED** in the Southern District of Florida on February 5, 2024.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:  counsel of record